**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NANCY B. STROUD; LAWTON K.
STROUD,
<u>Plaintiffs-Appellants,</u>

No. 95-3139

v.

UNITED STATES OF AMERICA,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-94-2546-2-18)

Argued: July 16, 1996

Decided: August 23, 1996

Before MURNAGHAN and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated in part, affirmed in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Christopher Von Lehe, YOUNG, CLEMENT, RIV-
ERS & TISDALE, L.L.P., Charleston, South Carolina, for Appellants.
Edward T. Perelmuter, Tax Division, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:**
Stephen P. Groves, Stephen L. Brown, Shawn M. Flanagan, YOUNG,

CLEMENT, RIVERS & TISDALE, L.L.P., Charleston, South Carolina, for Appellants. Loretta C. Argrett, Assistant Attorney General, Gary R. Allen, Richard Farber, Margaret Seymour, United States Attorney, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Dr. Nancy Stroud, a physician who breached her service obligation under the National Health Services Corps Scholarship Program (NHSCSP), and her husband, Lawton Stroud, brought suit in district court against the U.S. government seeking refunds of disallowed tax deductions and accuracy-related penalties. The Strouds now appeal from the district court's judgment holding that they were not entitled to any refunds and granting summary judgment to the government. See Stroud v. United States, 906 F. Supp. 990 (D.S.C. 1995).

The district court determined that the Strouds could not claim deductions on their 1989-91 joint tax returns for payments that Dr. Stroud owed to the government for breaching her service obligation under the NHSCSP. See 42 U.S.C. § 254 o(b)(1)(A)(1991 & Supp. 1996). We affirm. The payments Dr. Stroud made on account of the breach could not be deducted because, under I.R.C.§ 265(a)(1), they were directly allocable to tax-exempt income, namely the NHSC scholarships that Dr. Stroud received from 1978-82. See Stroud, 906 F. Supp. at 994-96. Parenthetically, we note that pursuant to the Tax Reform Act of 1986, Pub. L. No. 99-514, § 123(a), 100 Stat. 2085, 2112, such scholarships no longer qualify as tax-exempt income.

The court also correctly determined that the interest paid on the obligation was "personal interest" under I.R.C. § 163(h) and thus not

2

generally deductible. However, the government concedes that under I.R.C. §§ 163(d)(6)(B) and 163(h)(5) the Strouds were in fact entitled to a partial deduction for interest paid during taxable years 1989 and 1990. (Appellee Br. at 31-32, 34).

We vacate that part of the court's judgment that held that the Strouds were not entitled to any refund of the interest paid and remand the case for computation of the permissible deduction.

In light of the government's waiver of the accuracy-related penalties, we vacate that part of the court's judgment that held the Strouds were not entitled to a refund of those penalties. (Appellee Br. at 7 n.8, 34).

In all other respects, we affirm the district court's judgment for reasons adequately stated by the district court. See Stroud, 906 F. Supp. at 992-96.

VACATED IN PART, AFFIRMED IN PART, AND REMANDED

3